# UNITED STATES BANKRUPTCY COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| In re | : | Chapter 7 |
| | : | |
| SHARON M. SMITH, | : | Bankruptcy No. 07-15516DWS |
| aka Sharon Nicholson, | : | |
| | : | |
| Debtor. | : | |
| | : | |
| UNITED STATES OF AMERICA, | : | Adversary No. 07-0424 |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | |
| | : | |
| SHARON M. SMITH, | : | |
| | : | |
| Defendant. | : | |

# MEMORANDUM OPINION

**BY:  DIANE WEISS SIGMUND, United States Bankruptcy Judge**

Before the Court is the Motion of Debtor/Defendant Sharon M. Smith (the "Debtor")

to Dismiss Complaint to Determine Dischargeability (the "Motion") filed by the United

States of America (the "Government").[1]  The Debtor contends that the Government's failure

---

[1]  The Complaint relies on 11 U.S.C.§523(a)(2)(A) alleging a debt to the Social Security
Administration was incurred by false pretenses, a false representation or actual fraud, other than a
statement representing the debtor's financial condition.  Specifically the Government avers that
(continued...)

to serve a summons in connection with its Complaint within the 120 days required by

Federal Rule of Civil Procedure 4(m), as incorporated in Federal Rule of Bankruptcy

Procedure 7004 ("Rule 4(m)"), dictates dismissal of the Complaint.  A hearing was held on

the Motion at which counsel presented argument in favor and opposed to the Motion.  While

no evidence was presented, I will take judicial notice of the docket entries in the bankruptcy

case 07-15516 ("Main Case") and adversary case 07-0424 (Adversary Case") to determine

the procedural history of this matter.[2]  Fed.R.Evid. 201, incorporated in these proceedings

by Fed.R.Bankr.P. 9017.  See Maritime Elec. Co., Inc. v. United Jersey Bank, 959 F.2d

1194, 1200  n.3 (3d Cir. 1991).


**BACKGROUND**

On December 17, 2007 the Complaint initiating this adversary case was electronically

filed but erroneously docketed by Joel Sweet, Esquire in the Main Case as a Counterclaim.

Doc. 21 (Main Case).  Accordingly, no summons was issued by the Clerk.  On May 29,

2008, the filing was corrected.  The Adversary Case was opened, and a summons was issued.

Doc. Nos. 1, 2.  On July 14, 2008, consistent with my case management protocol when no

answer has been filed, an Order was entered directing plaintiff to file the appropriate motion

under Bankruptcy Rule 7055 within 15 days of the date of the Order or the proceeding

---

(...continued)

Debtor received disability benefits based on false and fraudulent representations concerning her
income.

[2] The docket entries referenced are to the Adversary Case unless otherwise noted.

may be dismissed for lack of prosecution (the "Lack of Prosecution Order").  Doc. No.3.

Apparently that Order prompted the recognition that Debtor had not been served, as the

docket reflects mail service of the summons on July 21, 2008.  Doc. No. 4.  On September 3,

2008 when an answer still did not appear on the docket, a second Lack of Prosecution

Order was entered.  Doc. No.5.  In response a praecipe to reissue summons was filed on

September 8, 2008 and an alias summons issued for service on Debtor.  Doc. No. 7, 8.

On September 9, 2008, the new Summons was served.  Doc. No. 9.[3]

On October 7, 2008 the Motion was filed.  It is clear that the factual predicate for the

relief being sought has been met.  Service of the Summons occurred more than 120 days

after the filing of the Complaint.  While not conceding that point,[4] the Government

argues that there is good cause for any untimely action and in any event, there is no prejudice

to the Debtor.  Debtor acknowledges the absence of prejudice[5] but contends that the

---

[3] Defendant concedes that proper service was made on July 21, 2008.  The subsequent praecipe to reissue summons and its service was not relied upon, perhaps because July 21, 2008 was already outside the 120 days of Rule 4(m).

[4] The Government argued that the time should run from the corrected docketing of the Complaint on May 29, 2008 but abandoned that argument when I pointed out that the bar date for filing dischargeability actions in this case was December 17, 2007, and under that theory, the Complaint would be time barred. Fed.R.Bankr.P. 4007(c). See Doc. No. 9 (Main Case). I also reject the Government's argument that the mailing of the Complaint to Debtor's counsel who had not accepted service within that period complied with the service requirement of Rule 4(m). The notion that any failure on its part is a "technical defect" and not a violation of the Rule has no basis in the law.  The Government, like any other litigant, must comply with the Federal Rules of Civil Procedure.

[5] I assume that Debtor was aware of the Complaint during the Rule 4(m) service period based on the mailing to her counsel. Dunkley v. Rutgers, 2007 WL 2033827, at *5 (D. N.J. July 11,
(continued...)

Government should be held to a higher standard of competence and diligence and Rule 4(m)

should be strictly applied.


**DISCUSSION**

Rule 4(m), which serves as the basis for the Motion, provides:

If service of the summons and complaint is not made upon a defendant within
120 days after the filing of the complaint, the court, upon motion or on its own
initiative after notice to the plaintiff, shall dismiss the action without prejudice
as to that defendant or direct that service be effected within a specified time;
provided that if the plaintiff shows good cause for the failure, the court shall
extend the time for service for an appropriate period.

The Third Circuit Court of Appeals has prescribed the inquiry governing the application of

Rule 4(m).  First, I must consider whether there was good cause for the failure to effect

timely service.  A positive conclusion ends the matter as Rule 4(m) mandates that the service

time be extended in such case for an appropriate period.  However, if good cause is absent,

I must then determine whether to dismiss or direct that service be made within as specified

time.  Petrucelli v. Bohringer and Ratzinger, 46 F.3d 1298, 1305 (3d Cir. 1995).

Good cause.  In MCI Telecommunications Corp. v. Teleconcepts, Inc., 71 F.3d 1086

(3d Cir. 1995), the Circuit Court explained what would and would not be good cause to

excuse late service.  It recognized three factors to consider in making a good cause

---

(...continued)
2007) (no prejudice from late service where defendants were opposed of the pendency of the action
and afforded the opportunity to present their objections).  I do not agree with Debtor's counsel that
the fact that she is a poor person who would have to defend the case and might lose her discharge
is the type of prejudice contemplated to arise from late service.

determination: (1) reasonableness of plaintiff's efforts to serve, (2) prejudice to the defendant

by lack of timely service and (3) whether plaintiff moved for an enlargement. Id. at 1097.[6]

It noted that the absence of prejudice alone can never constitute good cause and observed

that while lack of prejudice "may tip the 'good cause' scale, the primary focus is on the

plaintiff's reasons for not complying with the time limits in the first place." Id.

In support of its good cause argument, the Government's sole explanation for its

untimely service is that the departure of the Department's sole bankruptcy lawyer left the

Government without an attorney familiar with bankruptcy. Aside from the fact that this

contention was unsupported by any evidence, it is apparent that the breached rule is only

a bankruptcy rule by reason of its incorporation into the Federal Rules of Bankruptcy

Procedure. Rather Rule 4(m) is a rule applicable to all civil trials and requires no bankruptcy

expertise. For a United States Attorney to claim lack of familiarity with the fundamental rule

governing service of process is startling. Rather than ignorance with the applicable service

rule (which would not be an excuse in any event), the cause of the untimely service was

negligence and oversight. The misdocketed complaint sat for five months before anyone did

anything to cause it to be properly docketed and a summons to be generated by the Clerk.

The Court twice was compelled by the Government's inaction to send out a Lack of

Prosecution Order to stimulate some response on the Government's part. Indeed for the

Government's counsel not to acknowledge this failure shows a lack of comprehension of

---

[6] MCI Telecommunications considered "good cause" under former Fed.R.Civ.P. 4(j), the predecessor to Rule 4(m). However, in Petrucelli, the Third Circuit explained that the change which exists in Rule 4(m) did not impact filed good cause analysis, and prior decisions under Rule 4(j) remained intact for this purpose. 46 F.3d at 1307 n.11.

counsel's responsibilities as a litigant.  As there was never a request for an enlargement of

service time and as lack of prejudice to the plaintiff is not dispositive, I easily conclude that

there is no good cause for the untimely service.

Exercise of discretion to extend service.    The one factor that mitigates in favor of

an extension was not noted by the Government's counsel, perhaps because of his self

acknowledged ignorance of the bankruptcy law that he sought be applied when he filed

an action to deny the Debtor a discharge.  Should I fail to extend service and dismiss the

Complaint, the statute of limitations would completely bar the Government's potentially

legitimate claim.  See note 4 supra.  I am mindful that this is the type of circumstance

that the drafters of the 1993 amendment that gave rise to present Rule 4(m) contemplated

for a discretionary extension.  Charles v. Woodley, 2005 WL 3487864, at *6 (V.I. Super.

Nov. 21, 2005) (quoting Advisory Committee Notes to Subdivision (m) stating "relief

may be justified ... if the applicable statute of limitations would bar the refiled action.").

The Complaint alleges that Debtor should not be discharged of her debt to the

Social Security Administration arising from an overpayment of disability benefits

because she obtained those funds by a false representation that she had no income when

she was receiving wages, and state unemployment and worker's compensation benefits.

The consequence of this litigation, if successful, is to recover funds for the public treasury,

a result that should not be precluded because of counsel's negligent handling of his

client's claim.  In short, I do not agree with Debtor's counsel that the Government's counsel

should not be "given a pass."  It is the Government, not its counsel, which would be

impacted by this judgment.[7]

　　　An Order consistent with this Memorandum Opinion extending the date of service

until July 21, 2008 and directing Debtor/ Defendant to answer the Complaint in twenty

(20) days will be entered.

_____
　　　　　DIANE WEISS SIGMUND
　　　　　United States Bankruptcy Judge

December 8, 2008

---

　　[7] I do agree with Debtor's counsel that this is not the level of competence one would expect
from an Assistant United States Attorney.  Presumably the Court's findings to that effect will serve
a prophylactic end.